## No. 8194.

### Leon Labat & Co., in Liquidation, vs. Widow Lenfroy Décuir.

Appeal dismissed for want of a proper certificate from the Clerk, and for the want, in the record, of a note of evidence, a statement of facts and an assignment of errors.

APPEAL from the Fifteenth Judicial District Court, parish of Pointe Coupée. *Voist*, J.

*Haralson & Claiborne*, and *Chas. W. DuRoy* for Defendant and Appellant.

*A. L. Mahondeau* and *O. O. Provosty* for Plaintiffs and Appellees:

The clerk should certify unqualifiedly in conformity to Art. 896, C. P., that the transcript contains all the testimony adduced. If the clerk cannot so certify, and there has been no statement of facts prepared, no bill of exception or special verdict taken, and no assignment of errors filed, the appeal must be dismissed. 16 An. 84, Watson vs. Jones; 11 An. 604.

Where the record contains no note or memorandum of the evidence adduced on the trial, the clerk is without power to certify that the transcript contains all the evidence adduced and testimony heard on the trial. Cooley vs. Broad, 29 An. 71.

### Motion to Dismiss.

The opinion of the Court was delivered by

Poché, J. Plaintiffs and appellees move for the dismissal of this appeal, on the following grounds:

1st. That the record contains no written note of the evidence offered and received on the trial.

2d. That it contains no statement of the facts agreed upon by the parties or made by the judge.

3d. That it contains no bill of exceptions or assignment of errors.

4th. That it is not certified to by the clerk, as containing all the testimony adduced on the trial.

The clerk certifies in substance as follows:

"That the foregoing twenty-four pages do contain a full, true and correct transcript of all the proceedings had and documents filed on the trial," etc. The certificate makes no mention whatever of the evi-

·dence, if any was offered or admitted on the trial. In the body of the record we find the copy of two promissory notes, and of an act of mortgage, with which they are identified, which are made part of the petition, and which as such were filed on the same day as the petition. But nothing in the record shows that either the notes or the act of mortgage were admitted and considered as evidence by the judge *a quo;* nor does the record show whether any evidence at all was offered and admitted at the trial of the cause.

We fail, also, to find in the record any statement of facts agreed upon between the parties or made by the judge, and appellant has not attempted to supply these numerous and fatal deficiencies by an assignment of errors allowed under the provisions of Art. 987 of the Code of Practice. We can only exercise our jurisdiction in so far as we have knowledge of the matters argued or contested below, C. P. 895; and appellant, in this case, has utterly failed to impart or charge us with this knowledge by any of the modes pointed out by law.

As was well and tersely said by Chief Justice Manning, in the case of Cooley vs. Broad, 29 An. 75, in which the appeal was dismissed for errors less grievous than are shown in this case. "There is nothing which can inform the court of the merits. We cannot reverse the decision of the lower court, as the appellant desires, because the record filed by him does not afford us any means of ascertaining that it is wrong. We cannot affirm it, though the legal presumption is in favor of its correctness." The only alternative is in the dismissal of the appeal.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.