## No. 9483.

### E. H. Samuels et al. vs. Isabella H. Brownlee et als.

The appellant who presents a defective transcript, and who is shown to have had the transcript made through or under the exclusive supervision of his own counsel, outside of the clerk's office, is legally responsible for all defects, omissions and irregularities therein, and is not entitled to any time to correct such errors or omissions. In such a case, appellee's suggestion, without a formal motion to· dismiss, will prevail, and the appeal will be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*R. H. Marr, John McEnery* and *T. C. W. Ellis* for Plaintiffs and Appellees.

*W. S. Benedict contra.*

The opinion of the Court was delivered by

Poché, J. In this suit, which is an action for partition between plaintiffs and defendants of certain immovable property, James Brownlee, the appellant herein, intervened for the purpose of being

recognized as owner of one-fourth of the property to be partitioned and to be entitled as such to that proportion of the proceeds of the sale.

In their brief filed on the day of trial in this Court and in their oral argument, counsel for appellees suggested that the transcript was incomplete, owing to the absence therefrom of several important documents and pieces of evidence which were offered below and which are not to be found in the transcript.

An inspection of the record shows that their complaint is well founded, and that the transcript is not sufficient to apprise us of all the matters argued and contested below.

That conclusion seems to have been impressed on the mind of appellant's counsel, for it appears from our minutes of that day that he submitted along with the merits of his case a motion for leave to complete his transcript.

That motion is the first matter for our consideration.

But we must at this time dispose of another matter which has doubtless arisen from a misapprehension in counsel's mind of the true *status* of the case.

We find in the record a motion for leave to complete the record, which reads as an order to that effect, rendered on the day of trial by this Court, and we find that acting doubtless on the authority of such an order, appellant has prepared and has filed in the case a supplemental transcript, containing some of the documents which were found missing in the original transcript. Whereupon the whole case was handed in by our clerk on the 26th of December last past.

Appellant's counsel has entirely misapprehended the nature of the relief which the Court undertook to grant to him on the day that the cause was submitted.

In this connection our minutes read as follows:

"After hearing counsel and taking under advisement a motion of counsel for appellant to complete the transcript, the whole matter was submitted for consideration."

It thus appears that the right urged by appellant to complete his avowedly defective transcript is yet under advisement, and to that question we shall now direct our attention.

Article 898 of the Code of Practice, which is the law of the case, provides as follows:

"If, at the time of argument, or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the clerk having failed to certify the copy as containing

the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended." As stated above, we find that the evidence and the documents which had been omitted from the record were material to the issue presented in the case, and that no correct or just conclusion could be reached in the premises without due consideration of the same.

The next inquiry is to ascertain whether any of the omissions can be attributable to the act of appellant.

That information is furnished by the certificate of the clerk attached to the transcript; the truth of which is not denied, but on the contrary was admitted by appellant's counsel in his oral argument.

Among others, the certificate contains the following statement:

"And I further certify that this transcript was made outside of this office, and by the attorney for appellant."

The full responsibility for the transcript is thus irrevocably fixed on the appellant himself, and under the textual provisions of the Code, as uniformly understood and enforced by this Court, he is not entitled to the indulgence which he now seeks to obtain.

The Court is supplied with an avowedly defective transcript, the record shows that it was made by the appellant himself, through his attorney, the fault is therefore undisputably attributable to the appellant, and the legal penalty is the dismissal of the appeal. Torres vs. Falgoust, 35 Ann. 818; Hoover vs. York, 33 Ann. 652; Labat vs. Decuir, 33 Ann. 350; Cooley vs. Broad, 29 Ann. 72; Lanfear vs. Durand, 20 Ann. 161; Morton vs. Owners, 15 Ann. 708; Harris vs. Hayes, 8 Ann. 433; Jones vs. Neville, 9 Rob. 478; see also City vs. Cremonini, 35 Ann. 367.

It is therefore ordered that appellant's motion for leave to complete the transcript in this case be denied, and that his appeal be hence dismissed at his costs.