(58 South. 822.)

No. 19,014.

QUAKER REALTY CO., Limited, v. POSEY et al.

(Jan. 29, 1912. On the Merits, June 4, 1912.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 640*)—DEFECTIVE TRANSCRIPT—RIGHTS OF APPELLANT.

Under Act No. 229 of 1910, the remedy of an appellee who has reason to complain of a defective transcript is either to cause the omitted portion of the record to be filed as a supplemental transcript, or to call the matter to the attention of this court; and where the latter course is pursued this court will order the appellant to cause such transcript to be filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2788; Dec. Dig. § 640.*]

On the Merits.

2. EVIDENCE (§ 584*) — WEIGHT AND SUFFICIENCY.

Where plaintiff offers full and complete evidence in support of the allegation in his petition, there will be judgment in his favor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2424, 2426, 2427; Dec. Dig. § 584.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the Quaker Realty Company, Limited, against Lloyd Posey and others. Judgment for plaintiff, and defendant Posey appeals. Affirmed.

Dinkelspiel, Hart & Davey, for appellant. Wm. Winans Wall, for appellee.

On Motion to Dismiss.

MONROE, J. Plaintiff (appellee) moves to dismiss the appeal herein on the ground that the transcript is incomplete, and that it is so by reason of instructions given by counsel for the appellant to the clerk of the district court. The appellant has filed a pleading, in the nature of an opposition, averring that the motion cannot be entertained, because filed more than three days after the filing of the transcript, and can, in no event, be considered in advance of the hearing of the case on the merits.

The action is brought to quiet and confirm certain tax titles, and the transcript contains copies of docket entries, of petition and order appointing a curator ad hoc, of return on said order, of answers, of judgment, of motion for appeal, with affidavit attached as to value in dispute, of appeal bond, and of letter of instructions from appellant's counsel to the clerk. The letter of instructions, so far as it need be quoted, reads:

"We hereby instruct you that, in making up the transcript, you put in nothing that may have been filed after judgment was rendered and include nothing that has not been filed, even though same is found in the record."

The certificate of the clerk reads, in part:

"I * * * do hereby certify that the foregoing 14 pages do contain a true, correct and complete transcript of all proceedings had, documents filed and evidence adduced, upon the trial of the cause, * * * now in the records thereof, * * * made in accordance with letter of instructions from counsel for appellant * * * and copied herein. * * *"

The docket entries and the recitals of the judgment show that documents were filed on or before the trial, and that evidence was adduced on the trial, though not filed (probably because the notes of the stenographer had not been translated and written out) until after the rendition of the judgment. It is therefore evident, not only that the transcript is defective, but that it is so defective as to afford this court no basis upon which to review the judgment appealed from; and it is further evident that its defects are attributable to the instructions given to the clerk of the district court by the counsel for the appellant.

[1] Act No. 229 of 1910 authorizes an appellant to instruct the clerk as to what he shall put in the transcript, and authorizes an appellee, within five days after "such notice," to give further instructions, and the act then provides that:

"The clerk shall prepare the transcript as so directed, and, when so prepared, the appeal shall not be dismissed, on the ground of the transcript being defective, but the parties and the court shall have the right to cause to be filed thereafter any omitted portion of the record, as a supplemental transcript. In the absence of such direction by the appellant, the transcript shall be prepared as the law now directs."

"Sec. 2. * * * That all appellate courts of this state shall have the power to tax the costs of the lower or appellate court, or any part thereof, against any party to the suit as, in its judgment, may be deemed equitable."

Under the law as it stood prior to the enactment of the statute thus quoted, the dismissal of this appeal would probably have been authorized. Samuels v. Brownlee, 38 La. Ann. 34; Torres v. Falgoust, 35 La. Ann. 818; Morrison v. Lynch, 36 La. Ann. 611; Heirs of Hoover v. York & Hoover, 33 La. Ann. 652; Labat & Co. v. Décuir, 33 La. Ann. 350; Cooley v. Broad, 29 La. Ann. 75.

As matters now stand, the remedy is for the court to cause to be filed the omitted portion of the transcript as a supplemental transcript. We, however, know of no rule or reason why the making of such order should be deferred until the case is called for argument.

It is therefore ordered, adjudged, and decreed that defendant and appellant cause to be filed in this court, within 15 days from the day upon which this opinion is handed down, as a supplemental transcript, all documents filed, and all evidence *adduced* in this case in the district court, prior to the rendition of the judgment appealed from. It is further decreed that the motion to dismiss the appeal be overruled, without prejudice, however, to the right of the court to dismiss the appeal, in the event this judgment is not complied with.

### On the Merits.

SOMMERVILLE, J. [2] The plaintiff, alleging itself to be the owner of several pieces of property described in the petition filed by it, asks that there be judgment in its favor and against defendants, quieting and confirming petitioner's said tax titles to the property described, and recognizing petitioner as the owner thereof in perfect ownership. The issue was joined by the two defendants named in the petition. They made no appearance at the time of the trial in the trial court, and there was judgment, after full evidence had been offered by plaintiff to prove its allegations, in favor of said plaintiff. From that judgment, one of the defendants, Lloyd Posey, appealed to this court. He has since died, and proper parties have been made in his place. Defendant has not

made an appearance in this court, by brief or otherwise, in support of his appeal.

The evidence in the record shows that plaintiff is the owner of the property described in its petition, and it is entitled to be recognized as such.

There is no error in the judgment appealed from, and it is affirmed, with costs.