(81 South. 209)

No. 23367.

## WHEELER v. H. M. WHEELER LUMBER CO.

(Feb. 3, 1919. Rehearing Denied March 13, 1919.)

*(Syllabus by Editorial Staff.)*

EVIDENCE ⬤═368(10)—PRODUCTION OF BOOKS AND PAPERS.

Where defendant had been ordered to produce books and records of defendant and its predecessor in business, and the court allowed plaintiff to introduce all the books, defendant's objection that their introduction would deprive defendant of the use of books and records would be overruled, where the only books offered in evidence were those of a defunct corporation to which defendant was a successor, and the books were not in use; no entries having been made in them for nearly two years, or since the corporation had gone out of business.

Action by Harve M. Wheeler against the H. M. Wheeler Lumber Company. Application of H. M. Wheeler Lumber Company for writ of certiorari and prohibition rule on the district court and the plaintiff to show cause. Rule discharged.

Allan Sholars, of Monroe (Hudson, Potts, Bernstein & Sholars, of Monroe, of counsel), for defendant, applicant.

G. P. Bullis, of Vidalia, for respondent.

O'NIELL, J. The defendant, relator in these proceedings, obtained a rule upon the district judge and the plaintiff, commanding them to show cause why the judge should not be prohibited from allowing certain records and books of the defendant to be introduced in evidence.

Relator alleged that the suit was a summary proceeding for ejectment of the defendant as lessee of property belonging to plaintiff; that an important issue in the case was whether defendant had earned a profit during the two years ending on October, 1918, or during either of the two years, and that, to determine that question, defendant had been ordered to produce, and had willingly produced in court all of the books, records and accounts of the defendant and also of defendant's predecessor in business, the Harve M. Wheeler Lumber Company. All of those allegations are admitted in the answers to the rule.

Relator alleged further that, against defendant's objection and protest, the court had allowed the plaintiff to introduce in evidence, on the trial of the suit, all of the aforesaid

books and records, comprising 15 or 20 books of each corporation, consisting of blotters, check stubs, vouchers, and other books of account. Defendant's objections to the introduction of the books and records were that it would inconvenience and injure defendant to be deprived of the use of the books and records, and that they would not be intelligible without explanation by an expert accountant,· and would make the record too voluminous, and make the transcript too costly in case of an appeal.

Relator's ·objections are all met, to our satisfaction, by the answer of the respondent judge and the record of the proceedings had in the district court. The only books or records offered in evidence were the journal, ledger, and cashbook of the Harve M. Wheeler Lumber Company, a defunct corporation, to whom defendant was the successor in business. Those books, apparently, were not in use, no entry having been made in any of them during a period of nearly two years preceding the trial of the case, or since the corporation had gone out· of business. The judge announces that there was no intention of retaining the. books after the trial, which, being a summary proceeding, would have been disposed of quickly. Defendant's counsel had stated that it was his intention to call an expert accountant as a witness to explain the entries in the books, and thereby establish defendant's contention on the question to which the entries in the books were relevant evidence; and the judge thought that. the plaintiff, too, would have the entries explained by an expert accountant. It is not disputed that some, if not all, of the entries in the books were relevant to the issues. As to the cost of embodying the relevant evidence in a transcript of appeal, as the judge says, under the provisions of the Act No. 229 of 1910, as amended by the Act No. 265 of 1918, the appellant could and would have only such portions of the evidence transcribed as he would deem necessary, and the appellee could and would do likewise. There is no reason to apprehend that either party to an appeal would, for no advantage and at the risk of having to pay for it, have a mass of irrelevant matter transcribed. And, as the district judge suggests, that difficulty can be met and disposed of by proper orders of court if it arises.

It is ordered that the respondents be discharged from the rule issued herein, and that the relief prayed for be denied, at relator's cost.