**(97 South. 267)**

**No. 24440.**

## PLANTERS' LUMBER CO. v. SUGAR CANE BY-PRODUCTS CO.

(Jan. 2, 1922. On the Merits, June 22, 1922. On Rehearing, Jan. 27, 1923. Supplemental Opinion, April 30, 1923. Second Rehearing Denied May 21, 1923.)

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss.

1. **Appeal and error ⊗=776—Motion to dismiss appeal by corporation, on ground that it had been abandoned, denied, when receiver appeared and opposed dismissal.**

Motion to dismiss appeal by corporation from judgment homologating account of its receivers, on ground that its board of directors had ordered the appeal abandoned, denied, where receiver appointed in state of its incorporation appeared and opposed the dismissal.

On Rehearing.

2. **Appeal and error ⊗=635(3)—Appeal not dismissed because evidence not in transcript, when appellant's counsel took record as he found it, without notice that evidence was taken.**

Appeal from judgment homologating receivers' account will not be dismissed because evidence is not in transcript, when appellant's counsel took the record as he found it, without notice that evidence had been reported stenographically and was not in fault, especially as appellee could bring omitted portion of record before the court by supplemental transcript, under Act. No. 265 of 1918.

3. **Appeal and error ⊗=612(4)—Clerk's certificate on appeal from judgment homologating account of receivers held not defective.**

Where suit for appointment of receivers and receivership transactions were conducted in same proceeding and under the same number, and transcript on appeal from judgment ho-

mologating the account contained final account and judgment, clerk's certificate *held* not defective.

**4. Appeal and error ⬧609—Filing of omitted evidence permitted on rehearing in interests of justice.**

Where evidence in support of judgment homologating receivers' account was taken stenographically, but not transcribed and placed in record, and judgment was reversed for want of evidence to support it, appellees *held* to be permitted on rehearing to file it as supplemental transcript, under Act No. 265 of 1918.

On Further Hearing after Filing of Supplemental Transcript.

**5. Appeal and error ⬧1106(3)—Case held to be remanded, where judgment by default homologating account was in part unsupported by evidence and account apparently incomplete.**

Where judgment homologating receivers' account was taken by default, before assets had been collected or liquidated, and evidence was insufficient to sustain some items and the account apparently incomplete, case *held* to be remanded in the interests of justice, with reservation to all parties of right to amend or file new pleadings.

O'Niell, C. J., and Rogers, J., dissenting in part.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit by the Planters' Lumber Company against the Sugar Cane By-Products Company. From a judgment homologating account of receivers for the defendant company, defendant appeals. Judgment set aside, and cause remanded on rehearing.

Charlton R. Beattie, of New Orleans, for appellant.

Burke & Smith, of New Iberia, for appellee receivers.

On Motion to Dismiss.

PROVOSTY, J. [1] The defendant company is a Delaware corporation. The present suit is for the appointment of receivers to have charge of its property and affairs in this state. The receivers were appointed; all the property was sold; the receivers filed an account, and the account was homologated by judgment; from this judgment the court granted an appeal to this court, on the petition of the defendant company, represented by counsel. The receivers moved to dismiss the appeal, on the ground that the board of directors of the company had ordered the appeal to be abandoned. The right of the company to abandon the appeal was challenged by the attorney who had taken it, on the ground that it had been taken by virtue of a contract entered into by the company with one of its creditors, and of an irrevocable power of attorney given to this creditor. This court thereupon remanded the case to the trial court for testimony to be taken on that point. This testimony has not yet been taken. Counsel for appellant would impute the delay to the counsel for appellees, and counsel for the appellees seek to exonerate themselves on various grounds. A receiver has now been appointed at the home of the company, and this receiver opposes the dismissal of the appeal. Under these circumstances we can see no good reason why the appeal should be dismissed. Accordingly,

The motion to dismiss is denied.

O'NIELL, J., dissents, on the ground that the court should merely limit the time for taking testimony on the motion.

On the Merits.

PROVOSTY, C. J. This is an appeal from the judgment homologating the final account of the coreceivers of the defendant company.

We find in the record no evidence supporting said judgment, although the minutes of the court read as follows:

"Upon motion of W. J. Burke, Esq., of counsel for the coreceivers herein, this cause was fixed instanter for trial upon their petition for the homologation of their final account, when

upon producing due proof of the advertisement of the final account during the time notice required by law, of no opposition thereto of the correctness thereof, and that the notice having been entered in the receivership book, it is ordered by the court that the account as filed be approved and homologated, and that the funds when received be distributed in accordance therewith, the remainder after payment of the passive mass to be deposited in the registry of the court, to be paid to the officers of the corporation upon authorization of this court. (See decree.) Judgment was read, signed, and filed."

In Barry Bros. et al. v. American White Lead & Color Works, 107 La. 236, 237, 31 South. 733, 734, this court said:

"Complaint is made that the two quarterly statements were approved without a notice of their filing having been entered on the receivership order book, which, by section 8 of Act 159 of 1898, the clerk of court is required to keep. If said notice was not so entered, the approvals must be set aside. Section 9 of said Act 159 is imperative that 'no statement shall be approved by the court until ten days after entry of such notice' in the order book. * * * The judgments must therefore be set aside. We consider whether we might not presume, in the absence of proof to the contrary, that such entry had been made. Ordinarily, the appellate court presumes that the judgment appealed from was supported by proper evidence; but this presumption does not obtain in probate proceedings, and insolvency proceedings are assimilated to probates in respect to the necessity for all evidence to appear of record—[citing authorities]."

Sections 8 and 9 of the Receivership Act (Act 159 of 1898) read as follows:

"Sec. 8. * * * Shall note on said book the time of filing petition, etc., and shall enter at large therein all orders or decrees made by the court in relation to any receivership. No order shall be granted by the court until ten days after entry of such notice in the order books, except an order to show cause, or when circumstances, in the opinion of the court, require otherwise, and same is so stated in the order or decree.
"Sec. 9. * * * Notice of the filing of such statements or accounts shall be entered on the order book. No statement shall be approved by the court until ten days after entry of such notice, and no account shall be homologated un-

til after publication as provided in case of administrators of succession."

In the same case of Barry Bros., supra, this court said:

"For the same reason of absence of evidence to support it, the judgment of October 5, 1900, homologating the final account in so far as not opposed, must be set aside. The only proof of the account was by ex parte affidavit. Ex parte affidavits are not testimony. They cannot serve to support the account on an issue joined by default any more than they could serve on an issue joined by opposition."

As above stated, the record in the present case contains no evidence whatever of the said notice having been entered in the receivership order book, and no evidence of the correctness of the account. The judgment will therefore have to be set aside, and the case remanded for trial.

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded for trial, and that the costs of this appeal be paid by the said receivership.

### On Rehearing.

ROGERS, J. The issue before this court involves an appeal from the judgment homologating the final acount of the coreceivers.

When the appeal was originally lodged, appellees moved to dismiss it, on the ground of acquiescence in the judgment and abandonment of the appeal. The motion was sustained to the extent of ordering the case remanded to the trial court for the purpose of taking evidence upon the questions set up therein. Pending compliance with this order, a general receiver was appointed for the appellant corporation by the United States District Court for the District of Delaware.

Upon a rule taken in this court by this receiver, showing that he had not acquiesced in the judgment and had not abandoned the appeal, but, on the contrary, desired to prosecute same, the order remanding the case to the

lower court was set aside, and the motion to dismiss was denied. This order was entered and filed on January 2, 1922.

On May 8, 1922, counsel for the plaintiff company and the coreceivers suggested a diminution of the record and prayed for certiorari to the judge and to the clerk of the district court, to the former for the purpose of supplying the omission of an emergency order, the date and particulars of which are not disclosed, and to the latter to command him to amend and complete the transcript of appeal filed in this case, by transcribing and returning into court, as part of the transcript of appeal, the evidence taken on the homologation of the coreceivers' account. This application was refused.

Thereafter the case was heard on the merits, and this court, finding no evidence in the record to support the judgment of homologation, by decree entered on June 22, 1922, remanded it to the lower court for trial.

A rehearing having been applied for and granted, the case is before us for further consideration.

Appellees again, under date of January 4, 1923, moved to dismiss the appeal, on the ground that the transcript as filed does not contain the evidence taken on the hearing to homologate the account, the only matter subject of appeal, which defect is attributable to the failure of the appellant to take the necessary steps to have the transcript completed in this regard, and upon the further ground that the certificate of the clerk does not show any transcript of the proceedings had in the homologation of the account filed by the receivers, but merely a transcript of the proceedings had in the rule by the plaintiff company against the defendant company seeking the appointment of receivers.

[2] This motion to dismiss must be denied. In the first place, counsel for the appellant took the record as he found it, without any testimony given on the homologation of the account on file, and without notice that any such evidence had been actually reported stenographically, and is therefore not in fault because the testimony in question was not included in the transcript, and, in the second place, under the provisions of Act No. 265 of 1918, the omitted portions of the record could have been brought before this court, by way of supplemental transcript, by the appellee, and there is therefore no justification for imposing this burden upon the appellant.

[3] Upon the second ground urged in the motion, it suffices to say that the suit for the appointment of receivers and the receivership transactions were all conducted in the district court in the same proceeding and under the same number, and the transcript itself contains the final account of the receivers and the judgment homologating the same. The clerk's certificate appears to be in proper form.

On this rehearing, counsel for appellees set up all of the matters hereinbefore referred to in connection with the original motion to dismiss the appeal, the order remanding the case, the subsequent order setting aside the mandate to remand, the application for a certiorari to correct the record, and all of the other matters and things urged upon the original hearing of the cause.

We are not inclined to reopen the issues disposed of by the original order to remand and the subsequent setting aside of said order upon the application of the federal receiver, nor is it necessary to recall the mandate refusing to grant the application for a certiorari, and to now allow the same, as the relief sought can be otherwise obtained.

[4] The recitals of the judgment of homologation show that evidence was adduced to support the account of the coreceivers. Counsel for appellees states, in argument and in brief, that the testimony was taken

down stenographically, although, through inadvertence, it was not transcribed and placed in the record at the time the appeal was taken and the transcript prepared, but that said transcription has since been made and the testimony filed in the records of the lower court.

While we are not disposed, even indirectly, to encourage negligence on the part of litigants or of their counsel, we feel warranted under the circumstances of this case, and in the belief that the ends of justice will thereby be subserved, to afford the appellees an opportunity of placing before this court the evidence upon which the judgment homologating the account of the receivers was rendered.

As the case now stands, the remedy is for the court to cause to be filed the omitted portion of the transcript as a supplemental transcript. Act No. 265 of 1918; Quaker Realty Co., Ltd., v. Posey et al., 130 La. 941, 58 South. 822.

It is therefore ordered, adjudged, and decreed that the appellees herein cause to be filed in this court, within 15 days from the day upon which this opinion is handed down, as a supplementary transcript, all testimony taken and evidence adduced in this case in the district court in support of the judgment appealed from.

It is further ordered, adjudged, and decreed that the decree heretofore herein rendered upon the merits of this cause be recalled, without prejudice, however, to the right of the court to reinstate the same as its final judgment in the event this judgment is not complied with.

### Supplemental Opinion.

DAWKINS, J. This case presents the appeal by the Sugar Cane By-Products Company from a judgment of the lower court approving what was termed the final account of the receivers appointed for said company.

The judgment was rendered and signed November 26, 1919, and the appeal was perfected by filing the bond on November 24, 1920. The account was unopposed, and the judgment upon its face showed that the credit portion of the sale of the corporation's property had not been collected, and the receivers were ordered to deposit the same when collected in the registry of the court, to be distributed according to the account, the remainder—

"to be paid over to the said corporation through its regularly constituted representatives or officers, said payment, however, upon further order of this court, and upon due proof of the authority of said officers, * * * and that due proof be finally made of the said payments (to creditors and the corporation) for the purposes of the final discharge of the coreceivers."

The record as brought up by the appellant contained no note of evidence showing the proving up of the account, due to the fact that the stenographer had not written out his notes and filed it; but, after several motions and rulings had been made in this court, we finally decided in the interest of justice to permit appellees to obtain and file in this court a supplemental transcript, including the note of evidence, which has been done.

[5] Appellant has attacked numerous items of debit and credit upon the account, both upon the grounds of insufficient proof and the want of authority in law to sustain them. We know from practical experience that, where an account of this kind is proved up as on default, with no contest being made, practitioners are prone to take a great deal for granted, and do not make up as complete a record as would otherwise be done. Then, too, it is somewhat unusual to attempt a final accounting before the assets of the estate have been collected or liquidated into cash, as was done here, and which necessarily required a subsequent review by the trial court.

While it is not our purpose to condone any laxity in such matters, we have concluded under the circumstances, particularly in view of the insufficiency of the evidence to sustain some of the items, and the apparent incompleteness as a final account, that justice can best be subserved by setting aside the judgment and remanding the cause to the lower court, with full reservation to all parties of the right to amend or file new pleadings, to the end that the gestion of the receivers may be fully examined and determined. And it is so ordered, appellees to pay the cost of this appeal, and all other costs to await final judgment.

O'NIELL, C. J., dissents, being of the opinion that the court should now dispose of the case.

ROGERS, J., dissents.