On Motion to Dismiss Appeal.
 

 ROGERS, J.
 

 The defendant appealed devolutively from a judgment condemning him to pay his pro rata of the amount of two certain promissory
 
 *590
 
 notes. The evidence offered in plaintiff’s behalf on the trial of the case in the court below consisted entirely of the depositions of two witnesses residing out of the state and certain documents identified by the witnesses and attached to their depositions. These documents are the promissory notes sued.on, two written acknowledgments, photostatic copies of four bank checks, and a number of letters. The appellant, assuming to act under the provisions of Act No. 265 of 1918, instructed the clerk of the district court not to copy in the transcript plaintiff's evidence, oral and documentary, but to attach it in its original form to one of the triplicate copies thereof. This was done, and the record on the appeal consists of a transcript filed in triplicate, to-gether with plaintiff’s entire evidence as it was originally offered in the court below attached to one of the copies.
 

 Plaintiff and appellee, alleging that the transcript as prepared and filed is not in the form required by law, has moved for the dismissal of defendant’s appeal; or, in the alternative, that defendant be ordered to correct the transcript by having copied therein the testimony and documents offered in evidence by plaintiff and brought up to this court in their original form.
 

 Code Prac. art. 585 provides:
 

 “After the appeal has been allowed * * * the clerk of the court, from whose judgment the appeal is taken, shall * * * make a transcript of all the proceedings, as well as of all the documents filed in the suit, * * * in order that the same may-be delivered to the appellee [meaning appellant] when demanded.”
 

 See Abraham v. Wallenberg, 130 La. 1096, 1106, 58 So. 895.
 

 Appellant' must return the transcript to the appellate court on the return day theréof. Code Prac. art. 587.
 

 Rule I, § 2, .of the Rules -of Court declares:
 

 “Transcripts in civil cases shall be made up and the matter of which they are to be composed transcribed in the following order, to-wit: * * . * (2) original and-interlocutory pleadings, with documents and exhibits annexed and orders of court, etc. * * * (3) documents introduced (save those annexed to the pleadings and already transcribed) in the order in which they are filed; * * * (7) oral testimony, in the order in which it is taken with inscription showing when taken; (8) other records offered in evidence. * * * ” 136 La. VII, 131 So. XI.
 

 Act No. 265 of 1918 also regulates the preparation of the transcripts of appeals in civil cases. It authorizes the appellant to deliver to the clerk of court “a written list of the portions of the record to constitute the transcript of appeal.” The right thus accorded the appellant is subject to the reciprocal right granted to the appellee, timely served with a copy of such notice, to designate such portions of the record as he may desire incorporated in the transcript.
 

 It appears,' therefore, that under the codal article and rule of court, referred to and quoted supra, the testimony and documents filed on the trial of a civil case in the court below must be copied in the transcript. - There is no authority in law for bringing them’ up in the original. Immanuel Presbyterian Church v. Riedy, 104 La. 314, 29 So. 149. And the rule is not at variance with the provisions of Act No. 265 of 1918, which merely permits an abridgment of the record for the purposes of the appeal, by permitting the parties to designate the portions of the record they desire to be placed or copied in the transcript. The statute, in the last paragraph thereof, expressly declares that: “In the absence of such direction by appellant, the
 
 *592
 
 transcript shall be prepared as the Law directs.”
 

 According to the provisions of Act No. 80 of 1912, it is mandatory that all transcripts of appeals to this court be made in triplicate for the use of the court. ' No extra charge is permitted for the preparation of the multiple copies. Under this statute each copy of the transcript of appeal must contain a transcript of all the testimony and documents filed in the court below.
 

 The objection of plaintiff and appellee to the form of the' transcript filed in this court is well grounded. The remedy in a case where the transcript does not conform to the established rules is to require the clerk of court by whom it was prepared to correct its defects, or, in a civil case, to dismiss the appeal if the circumstances should warrant such action. Section 14 of Rule I of the Rules of this court (136 La. viii. 131 So. XII). And such defects may be corrected “up to the time of argument.” Code Prac. art. 898. Under the peculiar circumstances of this case, wc do not think the appeal should be dismiss- • ed. The appellant caused certain original records to be attached to. one of the copies of the transcript in the belief that, under Act No. 265 of 1918,'he was completing the record for the appeal. He was mistaken in this, but, in view of the fact that this is the first time so far as we are informed that this precise question has been presented for decision, we are not disposed to deprive him of his right to be heard on appeal without giving him an opportunity to correct his error. This can be done by granting the alternative prayer of the motion filed by plaintiff: and appellee. We wish to emphatically declare, however, that the present ruling is not to be regarded as a precedent to be followed in the future in similar cases.
 

 Appellant argues that it is the duty of the appellee to procure a supplemental transcript to remedy the defects of which she complains, and he cites in support of his argument Act No. 265 of 1918; Wheeler v. Wheeler Lumber Co., 144 La. 639, 81 So. 209, and Planters’ Lumber Co. v. Sugar Cane ByProducts Co., 154 La. 21, 97 So. 267.
 

 'The appellant is primarily liable for all costs occasioned by his appeal, and the clerk of court may refuse to deliver the transcript before he is paid for preparing it. Act No. 24 of 1872. And plaintiff and appellee cannot be called on to pay such costs unless and until he is condemned to pay them by the judgment on appeal. State ex rel. Baltor v. Judge of Fourth Dist. Court, 30 La. Ann. 599. Under the statute of 1918, supra, the burden of paying for the transcript is not shifted from the appellant to the appellee. The act merely gives the right to the. parties or to the court to cause a supplemental transcript to be filed. In Wheeler v. Wheeler Lumber Co., supra, the decision was solely on the correctness of the ruling of the district judge in permitting the plaintiff in the case to offer in evidence, over defendant’s, objection, the books and records of a defunct corporation to which the defendant was the successor. The reference in the opinion to Act No. 229 of 1910 and to Act No. 265 of 1918, by which it was amended and superseded, was made in connection with the return of the respondent district judge, and had no relation to the issue involved between the parties litigant. The ease is not appropriate here. This observation is also applicable to the case of Planters’ Lumber Co. v. Sugar Cane By-Products Co., supra. There the evidence omitted from the transcript was offered in the district court on behalf of the appellees themselves on the homologation of their receivers’ account, but was not filed,
 
 *594
 
 and the transcript was prepared without any notice to the appellant that any such testimony had been actually reported stenographically. The omitted testimony was vital to the case of the appellees on the appeal, and it was for that reason that the court, in the interest of justice, gave them an opportunity, under Act No. 265 of 1918, of incorporating the testimony in a supplemental transcript, it having been transcribed and filed in the court below subsequent to the filing of the original transcript of appeal in this court.
 

 For the reasons assigned, the motion to dismiss the appeal is refused at this time and the alternative prayer of the motion is granted; accordingly, it is ordered that the defendant and appellant herein cause to be prepared and filed in this court, within thirty days from the day upon which this opinion is handed down, a supplemental transcript in triplicate, each copy of which shall contain copies of the depositions of the witnesses and of all documents sent up to this court in their original form, and that for the purpose that all of the said original depositions and documents be returned to the office of the clerk of the district court. The right is reserved to the plaintiff and appellee to renew her motion to dismiss the appeal in the event the defendant and appellant shall refuse or neglect to comply with the foregoing order.