**164 So. 333**

**McDONALD et al. v. LIEBER et al.**

No. 33496.

Nov. 4, 1935.

Albert P. Garland and William W. McDonald, both of Shreveport, for appellants.

Frank E. Murphy and Blanchard, Goldstein, Walker and O'Quin, all of Shreveport, for appellees.

HIGGINS, Justice.

The defendants moved to dismiss plaintiffs' appeal on the ground that the record of a previous suit between the parties, which was offered in evidence by the plaintiffs, had not been copied into the transcript of this case and that plaintiffs refused to enter into a stipulation to supplement the transcript by having the record, offered in evidence, attached to and made a part of the transcript.

In answer to the motion to dismiss, the plaintiffs state that for more than fifteen years it has been the practice in preparing transcripts not to copy the records of other suits offered in evidence where appeals had been taken in such suits and transcripts made of such records and filed in the Supreme Court.

Section 12 of the rules of this court reads as follows:

"Where there is a subsequent appeal in a case, or growing out of a case, thereto-

fore appealed to this court, the transcript already lodged here may, on leave of the court, be used for the purposes of such subsequent appeal, and the copying of its contents dispensed with."

The record shows that the Shreveport Mutual Building Association foreclosed a mortgage against Mr. and Mrs. William W. McDonald, plaintiffs herein, and that they instituted a suit against the association to enjoin an attempt to eject and dispossess them. This court reversed the decision of the lower court and held that the sale of the property under foreclosure proceedings was null and void, because the advertisement of the sale of the property was made in a newspaper, which did not have the status of a legal publication. McDonald v. Shreveport Mutual Building Association, 178 La. 645, 152 So. 318.

In the present suit, it is alleged that while the former proceedings were pending, the president of the homestead association, in speaking about the litigation, slandered and defamed plaintiffs herein by referring to them as "Communists," and that they are entitled to recover the sum of $100,000 for the defamation.

Therefore, the present litigation grew out of the suit formerly appealed, the record of which was offered in evidence in this action, and under the express provisions of the above rule, it is unnecessary to copy into the present transcript the record of the other suit.

Counsel for the defendants have referred us to the case of Lawrence v. Lawrence, 172 La. 587, 134 So. 753. That case is not in point, because the motion to dismiss the appeal there was predicated upon the fact that the record was incomplete, as certain depositions had not been copied into the transcript, the originals thereof being annexed to one copy of the transcript. There had been no previous transcript and appeal in that matter, and, consequently, the case is not apposite here.

The motion to dismiss the appeal is denied.