### JEFFERSON v. LAURI N. TRUCK LINES et al.

#### No. 16932.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

_L. R. Hoover, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

JANVIER, Judge.

This matter comes before us on motion to dismiss the appeal on appellee's suggestion that "appellant has not complied with the law in the filing of the transcript."

The motion contains no statement setting forth the details in which it is alleged that appellant has failed to comply with legal requirements, or in which the transcript is defective, and we would be entirely unable to understand just what mover refers to were it not for a rather clear explanation contained in the answer to the motion to dismiss the appeal.

From this answer it appears that all that is involved now is an appeal from a judgment fixing and ordering paid the fee of a medical expert. The judgment rendered on the main issue had been paid in full when the rule to tax as costs the fee of the expert was filed and, according to the answer to the motion to dismiss, the only issue involved is a legal one: Whether, after the main judgment had been paid, an attempt might be made in the original proceedings to fix the fee of an expert and to have it taxed as costs. Appellant states that there is no necessity that this transcript contain any documents or evidence other than those pleadings which are concerned with the rule to tax costs and the judgment on the rule and there need not be included any part of the evidence offered when the principal issue was tried. If that be true, it is quite apparent that appellant is correct and that the legal question which is involved can be considered by us and decided without reference to any other portions of the original record.

In the first place, article 898 of the Code of Practice permits the correction of the record where the error or the omission is one "not arising from any act of the appellant." It has often been held that, under this article, if the record is incomplete because of fault on the part of the appellant, the appeal must be dismissed.

In 1918 the Legislature enacted Act No. 265 as an amendment to Act No. 229 of 1910. This act provides that, where the appellant deems it advisable to include in the transcript on appeal only certain portions of the record as made up in the trial court, written instructions may be given to the clerk and notice to the other party, who may then order the clerk to include any other portions which he—the appellee—deems necessary. It is obvious that if the appellant here had proceeded under Act No. 265 of 1918 and had given the clerk written instructions and had given the appellee notice of those instructions, the motion to dismiss could not be entertained because the appellee's only right would be to order the clerk to supplement the transcript in accordance with his desires. But no such written instruction was given here and appellant's answer to the motion to dismiss the appeal indicates clearly that only verbal instructions were given to the clerk and these without any notice of such instructions having been given to the appellee. It may be, therefore, that it would be proper to say that it is due to "fault" on the part of the appellant that the transcript of appeal does not contain everything which was filed in the lower court.

Nevertheless, we do not think the appeal should be dismissed because, in Act No. 234 of 1932, the Legislature has clearly indicated that appeals should not be dismissed merely because the transcripts are incomplete, until the appellant has first been allowed an opportunity to supply any omissions, or to make any necessary corrections. It is probable, as we view the matter now, that no further documents will be necessary and that the legal issue presented can be fully considered without the supplementing of the present transcript of appeal. But if we find that there are other documents which may be necessary, or that any further portions of the original record may be needed, we feel that we are authorized to

require the appellant to supply such deficiencies if they exist.

In Planters' Lumber Co. v. Sugar Cane By-Products Co., 154 La. 16, 97 So. 267, 269, the Supreme Court said: "As the case now stands, the remedy is for the court to cause to be filed the omitted portion of the transcript as a supplemental transcript. Act No. 265 of 1918; Quaker Realty Co., Ltd., v. Posey et al., 130 La. 941, 58 So. 822."

But that is a matter which we need not determine at this time.

For the present, therefore, it is ordered, adjudged, and decreed that the motion to dismiss the appeal be, and it is, overruled.

Motion to dismiss overruled.