37 So.2d 850

**BIRDWELL v. BIRDWELL.**

No. 39023.

Nov. 8, 1948.

James W. Jones, Jr., of Natchitoches, for appellant.

Gahagan & Pierson, of Natchitoches, for appellee.

PONDER, Justice.

The defendant appealed from a judgment granting the plaintiff, his wife, a divorce on the ground that the spouses had lived separate and apart for more than two years.

The plaintiff, appellee, moves to dismiss the appeal alleging that the transcript lodged in this Court, prepared at the instruction of the appellant, is incomplete.

On submission of the motion to dismiss the appeal, we were not favored with briefs from either of the parties. The appellee does not point out in his motion that the omission of part of the record will result in injury to her and does not request this Court to order the appellant to file a supple-

mental transcript containing the omitted portion of the record.

 Under the provisions of Act 229 of 1910, as amended by Act 265 of 1918, the appellant may, on taking appeal, or within three days thereafter, file a written list of the portions of the record with the clerk of court to constitute the transcript of appeal. The appellee has five days after notice to designate other portions of the record he deems necessary. The clerk of court must prepare the transcript as directed and, when so prepared, the appeal cannot be dismissed on the grounds of a defective transcript, but the parties and the court have the right to have the omitted portion of the record brought up in a supplemental transcript.

The appellee does not seek to supplement the transcript but asks for the dismissal of the appeal. Where the transcript has been made under the provision of the aforementioned act, as amended, the remedy of the appellee, if he has reason to complain of a defective transcript, is to cause the omitted part of the record to be filed as a supplemental transcript or point out the necessity of the omitted portion of the record to this Court in order that this Court may direct the appellant to file a supplemental transcript containing the necessary omitted portions of the record. Quaker Realty Company v. Posey, 130 La. 941, 58 So. 822; Brown v. Staples, 138 La.

602, 70 So. 529; Hayne v. Assessor, 143 La. 697, 79 So. 280.

For the reasons assigned, the motion is denied.