69 So.2d 370

**TIMON v. TIMON.**

No. 41456.

Dec. 14, 1953.

Kizer, Heaton & Craig, Baton Rouge, for plaintiff-appellant.

Bailey E. Chaney, Baton Rouge, for defendant-appellee.

FOURNET, Chief Justice.

The appellee, William E. Timon, has filed a motion to dismiss the appeal taken by his wife, Lou Ann Gatlin Timon, from the judgment of the district court dismissing her suit against him for separation from bed and board, on the ground that the transcript of appeal is defective; in the alternative, he prays that the appellant be ordered to correct the transcript to conform to the notice given to the Clerk of the District Court by appellee, wherein he indicated the portions of the record he deemed necessary in the preparation of the transcript of appeal.

It appears that a prior suit for separation, instituted by the wife, was met with a re-

conventional demand for divorce on the part of the husband, and resulted in rejection of the demands of both parties. The present suit, also for separation from bed and board, is founded on the wife's claim that the allegations of adultery in the aforementioned reconventional demand constituted public defamation, or, alternatively, that the attempts to prove such charges amounted to cruel treatment. This was met by denial of malicious intent, and a reconventional demand wherein the husband again sought a divorce. Trial on the merits resulted for the second time in judgment dismissing both the main and reconventional demands, for the reason that "neither plaintiff nor defendant has borne his burden of proof." From this judgment the plaintiff has appealed.

The wife, after posting the appeal bond, availing herself of the provisions of LSA–R.S. 13:4443, submitted to the Clerk of Court a list of the portions of the record to constitute the transcript of appeal, including therein only the pleadings and note of evidence on the main demand, the judgment of the Court, and the reasons for judgment in the prior separation suit. The husband then submitted to the Clerk his request to incorporate in the transcript the entire record, including all testimony and all offerings, without exclusion. The motion to dismiss the appeal arises because of the clerk's refusal to prepare the material requested by the husband until he (the Clerk) should receive payment for the cost thereof from the appellee—who declined to pay.[1]

It is the appellee's contention that the material requested by him is necessary for a proper disposition of the case; however, that payment of the cost of incorporating such material in the transcript is primarily the responsibility of the appellant, under the law and jurisprudence. On the other hand, counsel for the wife contends that the appellee's remedy is to cause the omitted portion of the record to be filed as a supplemental transcript, and that inasmuch as there has been no dissolution of the community the husband is responsible for the costs.

The rule that appellant is primarily liable for costs of the appeal was incorporated in our law by Act 24 of 1872, 2d Sess., titled "An Act To regulate the payment of the costs of appeals to the Supreme Court," Section 1 of which is now found (in almost identical language) in the LSA–Revised Statutes of 1950, 13:4531. The fact that a reconventional demand is filed by the defendant does not serve to change this rule. Crespo v. Viola, 152 La. 1088, 95 So. 256. The appellant's argument that it was the duty of appellee to procure a sup-

---

1. By agreement between the parties, the record was prepared without inclusion of the matter requested by the husband, the Clerk to be held blameless for his act; they reserved as between themselves, however, all rights as regards the record and the payment of costs therefor.

plemental transcript to remedy the defects of which he complains was specifically rejected by this Court in the case of Lawrence v. Lawrence, 172 La. 587, 134 So. 753. It was there pointed out that although the privilege is granted, first to the appellant and then to the appellee, to designate to the Clerk of Court those parts of the record each desires to constitute the transcript of appeal (see Act 265 of 1918, now LSA–R.S. 13:4443), "the burden of paying for the transcript is not shifted from the appellant to the appellee." 172 La. at page 592, 134 So. at page 755. We see no reason to disturb these well-settled rules, applicable to opposing parties, because of the fact that there has been no dissolution of the community in this particular case—especially since the final assessment of costs awaits the outcome on appeal.

The case of Birdwell v. Birdwell, 214 La. 401, 37 So.2d 850, relied on by the appellant, is inapposite. There, this Court considered a motion to dismiss an appeal on the bare statement of appellee that the transcript, as prepared by appellant and lodged in this Court, was incomplete. In denying the motion, we informed the appellee of her rights under Act 265 of 1918; there was no mention of responsibility for costs.

It may be well to note here that those portions of the record sought to be incorporated in the transcript by appellee included not only the pleadings and note of evidence on the reconventional demand, but also offerings made in the course of the trial—the principal offering consisting of the record in the former suit, "including, without restriction, the testimony, the evidence, and the reasons for judgment." Since that record forms the basis of the wife's present charges of defamation and cruel treatment, it would seem to us that such evidence is not only material to the proper disposition of this suit, but is indispensable thereto.

██ Appeals are favored in law, and LSA–R.S. 13:4433 requires that in cases where an appellant files an incomplete transcript and a motion to dismiss is filed by an appellee, no appellate court shall dismiss the appeal unless it first allow the appellant a period of time to cure and correct the deficiency. See Hiller Co. v. Hotel Grunewald Co., 138 La. 305, 70 So. 234, Lawrence v. Lawrence, 172 La. 587, 134 So. 753, Sanders v. Wyatt, 187 La. 80, 174 So. 161, Wren v. Brock, 198 La. 1026, 5 So.2d 323, Succession of Edenhorn, 208 La. 25, 22 So.2d 673, and Smith v. Atkins, 215 La. 310, 40 So.2d 475.

For the reasons assigned, the motion to dismiss the appeal is refused, and the alternative prayer of the motion is granted; accordingly, it is ordered that the appellant herein cause to be prepared and filed in this Court, within thirty days from the day upon which this judgment becomes final, a supplemental transcript to conform to the notice given to the Clerk of the District Court by appellee, failing in which the appeal shall be dismissed.