106 So.2d 285

Robert R. BOUCHER, A. C. Wilkinson,
Jules R. Gueymard,

v.

DIVISION OF EMPLOYMENT SECURITY,
DEPARTMENT OF LABOR OF STATE
OF LOUISIANA.

No. 44113.

Nov. 10, 1958.

James J. Morrison, New Orleans, for appellants.

Lewis D. Dunbar, Baton Rouge, for appellee.

HAWTHORNE, Justice.

Appellants Robert R. Boucher, A. C. Wilkinson, and Jules R. Gueymard are prosecuting these appeals from a decision of the State Civil Service Commission sustaining their discharge by the appointing authority.[1] We are concerned at this time only with motions filed by the appellee, Division of Employment Security of the Louisiana Department of Labor, to dismiss the appeals on the ground that the applications for appeal were not timely filed with the State Civil Service Commission. In other words, appellee contends that the decision of the Civil Service Commission in these cases is now final.

The record in these cases discloses that the Civil Service Commission's written decision from which these appeals were taken to this court was filed on February 26, 1958. Appellants Boucher, Wilkinson, and Gueymard made application for appeals to this court. The Director of Personnel of the Commission endorsed on the applications that they were received on the 31st day of March, 1958, and in accordance with Rule 22 of this court [2]

1. These appeals are from decisions of the Louisiana Civil Service Commission in proceedings before it bearing its docket No. 77 (Boucher), No. 78 (Wilkinson), and No. 79 (Gueymard), and these appeals have been consolidated in this court.

2. Rule 22 of the Supreme Court provides:
   *     *     *     *     *

   "Section 2. Application for an appeal to this Court shall be made to the Commission in writing within thirty (30) days after the date of filing of the Commission's written decision with director of personnel. The director of personnel shall, within twenty-four (24) hours, notify all parties, * * *
   *     *     *     *     *

"Section 5. The Director of Personnel of the Commission shall endorse on every application for an appeal to this Court the date of its presentation and shall fix the return day, which shall not be more than sixty (60) days from said date.
   *     *     *     *     *

"Section 8. All other rules of this Court and all laws regulating appeals to this Court, not inconsistent with the foregoing shall be applicable to appeals taken to this Court under Article XIV, Section 15 of the Constitution, as amended by Act 18 of 1952. Approved April 10th, 1953."

these appeals were made returnable to this court on the 29th day of May, 1958.

Article XIV, Section 15(O) (1), of the Louisiana Constitution of 1921 provides:

"* * * The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals."

Article 318 of the Louisiana Code of Practice reads:

"* * * in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are [is] included."

If the months of February and March, 1958, are examined on the calendar, it will be seen that Friday, March 28, was the 30th day which elapsed after the decision of the Commission was filed, excluding the day the decision was filed, that is Wednesday, February 26.

Although there are earlier decisions to the contrary, this court held in Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201, that Article 318 of the Code of Practice means only that when a person is given a delay of so many days in which to do a certain thing, he has all of the last one of those days in which to do it, and hence that day is not to be counted against him.

In the instant case, therefore, under Article 318 of the Code of Practice as construed in the Kelly case, these appellants had until the close of the 30th day after the filing of the Commission's decision to take an appeal—that is, until the close of the day Friday, March 28—, and it is the position of counsel for the Division of Employment Security that these applications were not timely because they did not reach the director's office until Monday, March 31.[3]

In this record we find a motion to correct the transcript under the provisions of Article 898 of the Code of Practice. Attached to this motion is a photostatic copy of a post office return receipt signed by M. Porter as agent of the addressee, the State Civil Service Commission, showing that these applications were received by her on March 28, 1958. Although these applications were received by Miss

3. The office of the Department of Civil Service was closed from 5:00 p. m. on Friday, March 28, until Monday morning, March 31.

Porter on Friday, March 28, they were not in fact delivered to the Director of Personnel of the Commission until Monday, March 31. Appellants take the position, however, that delivery to Miss Porter was delivery to the Commission itself, and that consequently their appeals were timely taken.

■ Ordinarily this court will not receive evidence originally or consider as evidence documents that were not introduced below, Article 894, Code of Practice, but this rule is not enforced in a case such as this where facts occurring subsequently to an appeal are not denied but on the contrary are admitted. In Wilson v. Wilson, 205 La. 196, 17 So.2d 249, 251, this court said: "In a number of cases this court has considered evidence of such facts, since it would serve no useful purpose to remand a case for the purpose of offering evidence in the court below of facts which are not denied." See also Bayou Rapides Lumber Co. v. Davis, 221 La. 1099, 61 So.2d 885.

The Department of Civil Service has filed in this court an inter-office memorandum which discloses the following facts admitted by the department:

Miss Mildred Porter is supervisor of the Administration Services Section, Division of Administration, Office of the Governor. Her office is immediately adjacent to the rear of the Capitol Station Post Office, a counter-window between the two offices permitting delivery of mail. Miss Porter's job is to render mail, printing, and similar services on a reimbursable contract basis to any state agency in the capitol area which requires or requests it, and Miss Porter services 10 or 15 state agencies on this basis.

The Capitol Station of the United States Post Office, Baton Rouge, employs no post office carriers, and if Miss Porter's office did not act as a distribution point, it would be necessary for the Department of Civil Service to receive mail general delivery or rent its own post office box, sending a messenger to pick up the mail.

Miss Porter has a separate distribution box for each agency she services and sends the mail received by her to the appropriate offices four times a day.

Miss Porter identified her signature on the return receipt for the envelope containing the applications for appeal involved here. She had to pay 6¢ postage due on the envelope containing the applications involved here, and the fact that there was postage due on the letter, in Miss Porter's opinion, delayed its delivery to her and her delivery of the letter to the Civil Service office.

Miss Porter was of the opinion that the Department of Civil Service had furnished

the post office a "Standing Delivery Order", designating her as representative to receive its registered, insured, or c. o. d. mail, but no such authorization was found in the post office files.

Mail entering Baton Rouge addressed to state offices and departments is received initially in the Main Post Office. It is then transferred to the Capitol Station, the secondary distribution point. The mail intended for addressees serviced by Miss Porter is transferred to her office, the tertiary distribution point, and her office delivers it to the individual offices.

The only logical conclusion to draw from the above admitted facts is that Miss Porter is paid by the Department of Civil Service to receive its mail and bring it to the department, thus saving the department the expense of hiring a messenger to get its mail, and that when these three applications for appeal were delivered to Miss Porter by the employees of the Capitol Station, they were, for the purposes of deciding this motion, delivered to the Commission. To hold otherwise and to conclude that these applications for appeal did not reach the Commission until Miss Porter sent them to the Civil Service office on Monday, March 31, would do violence to our policy of favoring appeals. See Timon v. Timon, 224 La. 350, 69 So.2d 370.

The motion to dismiss these three appeals is therefore denied.