4r 259|
45 482|

CORNELIUS J. MEEKER *v.* SAMUEL GALPIN and another.

Suspensive appeal, but no statements of facts, though the evidence was not reduced to writing, and appeal dismissed for insufficiency of the security. A devolutive appeal having been taken after the lapse of the time for a suspensive appeal, a statement of facts was made out by the court according to law. On a motion to dismiss on the ground that the statement was made too late : *Held,* that the statement was made in time, and that such statement may be made at any time after judgment signed, provided it be before the appeal, (C. P. 602,) which might have been taken at any time within a year, from the date of the judgment.

After a suspensive appeal, and execution issued on account of the insufficiency of the security, a devolutive appeal may be obtained, after the ten days have elapsed, without any order formally setting aside the former, which becomes inoperative by the mere failure of the party to comply with the terms on which it was granted.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Benjamin,* for the plaintiff.

*Emerson,* for the appellants. A statement of facts made out before the appeal, but ten months after judgment, is in season. *Union Bank* v. *Williams et al.* 16 La. 237.

There is no proof on record of Galpin's bankruptcy, or of his being in failing circumstances. His declining to pay the first draft is no proof of the fact, and he justly refused or neglected to pay the others, as the plaintiff had withdrawn, by sequestration, the very funds on which Galpin's acceptances were based.

But suppose he were in insolvent circumstances. A merchant who is in failing circumstances, and even under protest, may still sell and dispose of his property to a *bona fide* purchaser. *Syndic of McManus* v. *Jewett,* 6 La. 538. Same case, 9 La. 171. *Thompson* v. *Gordon,* 12 La. 260, 263, 264.

The sale was *bona fide* for a good consideration ; for the defendant Morehead assumed part of Galpin's debts, and does not appear, to have been a creditor, nor does the plaintiff appear to have been injured by the sale. For aught in the record, Galpin was at the institution of the suit, and now is, abundantly able and ready to satisfy all just claims against him.

Fraud is never presumed except in cases of bankruptcy. It

must be proved both in the vendor and vendee, with the addition that the alienation has produced an injury to the creditors. *Baudin* v. *Roliff*, 1 Mart. N. S. 165, 176, 177.

Creditors cannot attack the acts of their debtors unless they are injured by them. Hence they must show that sufficient does not remain to pay their claims. *Semple* v. *Fletcher*, 3 Mart. N. S. 386. Civil Code, arts. 1973, 1974.

A sale from a father to his son, who assumed part of his father's debts, is good ; even if made to defraud creditors, and though the vendor was insolvent at the time of the sale. *Maurin & Co.* v. *Ronquet et al.* 19 La. 594.

A sale by a debtor on the eve of insolvency, of moveable property, will not be deemed in fraud of creditors, when it appears by the evidence to have been made for cash. *Wright* v. *His Creditors*, 12 La. 308.

Persons who are not creditors of an insolvent, may purchase and receive transfers of his property after he is in failing circumstances, and when they appear to be purchasers for a valuable consideration and in good faith, creditors cannot complain. *Dwight and Hartman* v. *Bemiss et al.* 16 La. 150.

MORPHY J. This action is brought on four bills of exchange accepted by the defendant Samuel Galpin, in favor of plaintiff, amounting to $1225 84, and on an open account for $423 79. It is alleged that those bills were given in payment of the price of fifty-seven kegs of butter sold to Samuel Galpin, yet in the store and possession of the debtor, and subject to the vendor's privilege, to which the petitioner is entitled as the holder of said drafts. It is further alleged that Galpin has become insolvent and unable to meet his engagements ; that in order to deprive his creditors of their just claims he has made, within the last eight days, a collusive, fraudulent, and simulated sale to W. G. Morehead of all his property and effects, consisting of the stock in trade of the store occupied by him ; that Morehead was the clerk of Galpin, and without any means to purchase ; that the sole object and intention of the sale was to cover the property, and put it beyond the reach of his creditors, until it could be converted into cash ; that part of the stock so conveyed was the merchandize on which the the plaintiff has a privilege ; that Galpin possesses no property

whatever except that thus fraudulently assigned; and that the petitioner fears, that during the pendency of the suit, the defendants will dispose of the goods, unless they be sequestered. The petition concludes with a prayer for a sequestration, for judgment against Galpin, and for the rescission of the sale of his stock in trade to Morehead, &c. The defendants filed separate answers pleading the general issue, denying the fraud and collusion charged in the petition, and averring that the sale from Galpin to Morehead was a *bona fide* transaction, in which a valuable consideration had been given by the purchaser, &c. There was a judgment below for the amount claimed, and for the rescission of the sale. The defendants have appealed.

A motion to dismiss this appeal was made on the ground that there was no statement of facts; the one appearing on the record having been made too late, and contrary to law. The record shows that a suspensive appeal was first taken without any statement of the evidence having been made, but that, on a motion to that effect, the judge ordered an execution to issue, notwithstanding the appeal, on the ground that the security furnished by the appellants was insufficient. A few weeks after, other counsel employed by defendants with a view to a devolutive appeal, applied to the plaintiff's counsel to join him in making out a statement of facts. On the refusal of the latter to do so, the counsel made out one from information derived from the witnesses sworn on the trial, and submitted it to the judge, who adopted it with some slight corrections. A devolutive appeal was then prayed for and granted.

The Code of Practice has fixed no time for making out a statement of facts; but from the words of article 602 it is clear that it must be at least before an appeal is taken, for it is to be procured, says that article, by the party *intending* to appeal. This court has, therefore, held, that a statement of facts can be made at any time after the judgment is signed, provided it be before the appeal. 8 Mart. N. S. 303. 16 La. 138, 237. It is urged that in this case it was too late to make a statement of facts, after the first appeal was granted, and that the second appeal was improperly allowed, the first not having been set aside. It is true that the first order was not formally set aside, but it became inoperative from the failure of the defendants to comply with its terms, and

no appeal could have been brought up under it. 2 La. 86. After the ten days and during one year from the date of the judgment, the defendants were entitled to a devolutive appeal, to obtain which it was necessary for the judge to give an order fixing the amount sufficient to cover costs, and accepting good and sufficient security. To make good this appeal, we think the defendants were yet in time to make out a statement of facts.

On the merits, we assent to the conclusion to which the judge below arrived. The sale from Galpin to Morehead, his clerk, although apparently for a valuable consideration, appears to us also to have been a simulated one. No attempt has been made to show from what source Morehead derived the means of purchasing the stock in trade of his employer, from whom he had been receiving, up to the time of the sale, a salary of about $35 per month ; and after the sale Galpin remained in possession of the store, acting apparently as the clerk of his former clerk. As to the insolvency of Galpin, the allegation that he possessed no property whatever, except that conveyed to his clerk, has not been disproved. This sufficiently shows that the petitioner would have been injured by the sale. Civil Code, arts. 1966, 1980.

*Judgment affirmed.*