CHARLES M. JONES v. JULIAN NEVILLE and WIFE.

In every appeal, the evidence on which the judge acte d must be brought up in the record, or the appeal will be dismissed. *Per Curiam :* It does not suffice that the judge should state in his judgment that " due proof was made," for this would enable him to deprive the party condemned of his right of appeal on questions of fact.

A statement of facts may be required by a party intending to appeal, at any time before appeal.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*C. M. Jones,* pro se.
*Glenn,* for the appellant.

MARTIN, J. The defendants were sued on their joint and several note. The husband alone was cited. Judgment was taken by default against both, and affirmed against the husband alone, the judge stating that the plaintiff, in person, *produced due proof of his demand.* The record gives the name of R. M. Carter, as a witness. The defendant, Julian Neville, appealed. The clerk's certificate informs us that the transcript contains

Jones v. Neville and wife.

a true copy of all the proceedings, and of all the documents filed in the cause.

Nothing is said in the certificate of any testimony ; that of Carter was not taken down in writing, and we are left perfectly ignorant of what he deposed.

The Code of Practice requires for the affirmance of the judgment by default, proof of the plaintiff's demand, in all cases. Art. 312. It is true that the judgment informs us that due proof of the plaintiff's demand was made, and the Code, art. 315, requires that the judgment by default should express the ground on which it was rendered, but declares it sufficient that the final judgment should state that the demand was proved.

This appears to us a commentary on the latter part of the 12th section of the 4th article of the Constitution, and was intended to prevent us from setting aside any judgment, (if the legislature may do so,) in which it is stated that the demand was proved, on the ground that the reasons on which it is rendered were not sufficiently adduced. But in every appeal, the evidence on which the judge acted, must be brought up ; and it does not suffice that he should inform us that due proof was made, for this would enable him to deprive the party condemned of his right of appeal on questions of fact.

The appeal is not brought in such a manner as to authorize us to review the judgment. We have not considered whether justice would be better attained by remanding the case for a new trial, as the defendant Julian Neville, is still within time to bring a second appeal, and correct his error in the present, by procuring a proper statement of facts.

*Appeal dismissed.*