13 485
49 1657

THE STATE OF LOUISIANA, ex rel. L. BOUDREAU, et al., *v.* THE JUDGE OF THE SECOND DISTRICT COURT OF NEW ORLEANS.

A rule taken in the Supreme Court against a District Judge, to compel him to show cause why he should not furnish a statement of facts, to be used in a suit on appeal, will be dismissed, unless it is shown that the suit is within the appellate jurisdiction of the court ; this will not be inferred from the fact that the District Judge had granted the appeal.

After an appeal has been applied for and obtained, it is too late to ask for a statement of facts

ON an application for a rule against the Judge of the Second District Court of New Orleans. *J. J. Lugenbuhl*, for the relator.

MERRICK, C. J. This is an application for a rule to be taken against the Judge of the Second District Court to show cause why he should not furnish a statement of facts to the defendants in certain cases wherein the City of New Orleans is plaintiff.

There are two reasons why the rule should be denied the parties moving for the same, viz :

1st. It does not appear by the showing made to this court, that the cases referred to are within the appellate jurisdiction of the court, a fact which ought clearly to appear by the allegations in the petition, and not merely by inference from the fact that the District Judge had granted the appeal.

2d. It appears that the relators *have already applied to the District Court and obtained an appeal*, which precludes them from applying for a statement of facts afterwards.

It is true that there has been some conflict in the decisions as to the time in which the statement of facts may be made, but we believe that it has never been decided that it could be made after an appeal has been taken. See *Trenchard* v. *Elderkin*, 3 L. R. 294 ; *Union Bank* v. *Williams*, 16 L. R. 236 ; *Meeker* v. *Galpin*, 4 Rob. 259 ; *Jones* v. *Neville*, 9 Rob. 478 ; C. P. 602 and 603.

The supposed mistake of the Judge in signing the judgments, did not prevent the relators from obtaining a statement of facts before taking their appeal.

It is, therefore, ordered, that the motion in this case be dismissed at the costs of the parties moving for the rule.