No. 12,859.

STATE EX REL. MONTGOMERY THROWER VS. JUDGES OF THE COURT OF APPEAL.

The decree of a court of appeals does not become final by the mere disagreement of the court arising on the application for a rehearing.

One of the judges was of the opinion that the judgment handed down was erroneous, the other judge that it was not erroneous.

Where two judges can not concur for any reason in regard to their decree, the court shall select a district judge to sit in the case to determine with the other members of the court, after having considered the merits of the controversy, whether the judgment should become final by refusal to grant a rehearing, or whether it should be reversed, or whether other disposition should be made of the case.

There was no ground for decision in the matter involved.

ON APPLICATION for Writs of *Certiorari* and *Mandamus*.

State ex rel. Thrower vs. Judges.

*B. F. Samuels* for Relator; Respondent Judges *pro se.*

---

Submitted on briefs June 13, 1898.
Opinion handed down June 20, 1898.
Rehearing refused June 30, 1898.

---

The opinion of the court was delivered by

BREAUX, J.   Relator sets forth in his application, that a judgment was pronounced in his favor by the District Court; that the defendant on the 5th of May, 1897, appealed from the judgment to the Court of Appeals of the parish of Orleans.

That in the latter court, a judgment was rendered on the 14th of January, 1898, affirming the decision of the District Court; that the defendant applied for a rehearing.   It appears that one of the judges was in favor of granting a rehearing and the other was opposed to granting the petition for a rehearing.

It results, he (relator) urges, from this—*i. e.*, the disagreement, in views of the judges, of the Court of Appeals—that he is entitled to a final judgment.   He applied to the clerk of the Court of Appeals for a certified copy of the judgment in order to have the judgment executed.   This copy the clerk declined to issue.

In the alternative, he (relator) avers, that he applied for the appointment of a judge *ad hoc* to have the grounds for the rehearing considered and decided.   This application was not granted.   In answer to the rule *nisi*, which issued on relator's application, the judges of the Court of Appeals returned that the foregoing statement is in substance correct.

The organ of the court, Judge Dufour, annexed a copy of his carefully prepared opinion in the case in question, and made it part of his return.   The only grounds urged on appeal by the appellant in the case, we are informed by the respondent court, were, that there was no "note of evidence," and "no evidence of record" to authorize a judgment.

The Court of Appeals in the first instance found that the suit was on a note; that the judgment contained the usual recital which gave rise to the presumption that the District Court rendered a decision upon proper evidence.   The Court of Appeals, in its decision handed down with the concurrence of the two judges, quoted at length from

Smith vs. City, 24 An. 20, and cited Graham vs. Rice, 23 An. 393; Simmons vs. Howard, Prestons & Barrett, 23 An. 504; Cooley vs. Broad, 29 An. 73.

On the application for a rehearing, a difference of opinion arose with reference to the legality of the judgment handed down.

One of the members of the court, Judge Ogden, in pleasant terms regarding his colleague, the organ of the court, with whom he had at first agreed, recalled his concurrence and stated that, in his judgment, the court had drifted into an error which should be corrected; in his view a "statement of facts" or "evidence of some sort" was needful in order to reverse a judgment on appeal. Our understanding of the position of our learned brother is, that the cases are tried over on appeal without giving weight whatever to the judgment appealed from. He cited Graham vs. Rice, 23 An. 393; Simmons vs. Howard, Prestons & Barrett, 2 An. 504; Smith vs. City, 24 An. 20, and Jones vs. Neville and Wife, 9 Rob. 478.

Judge Dufour, also wrote an opinion on the application for a rehearing and cited a number of decisions to sustain the proposition, that there is no fault on the part of the *appellee*, where the record does not contain the evidence which the trial judge said was heard, and that under the law it is incumbent upon the appellant to have a statement of facts prepared before appealing. That in case of its absence from the record of appeal, the court will presume that the judgment was rendered on sufficient evidence. The honorable judge in his return, in addition states that the whole controversy is before us, and that it may as well be disposed of, under the authority conferred upon this court by Art. 101 of the Constitution of 1898.

The asserted finality of the judgment rendered by the Court of Appeals on the original hearing brings up the vital question for our determination.

We are not of the opinion that the judgment was final. While it is true that the court had agreed upon a judgment, its finality under the law was made to depend upon the continuing agreement of the court until a final disposition of the case.

The court disagreed in regard to the application for a rehearing as to whether it should or should not be granted. One of the judges, we have seen, was of the opinion that by the disagreement the judgment became final, and the other, that the judgment should be reversed for the reason that the judgment was erroneous.

The judgment, in our view, was not a final judgment under one or the other of the Constitutions (1879 or 1898). The concurrence needful to the finality of the judgment, we take it, relates as much to the final judgment on rehearing as it does to the judgment after the first hearing of the cause.

The right of appeal is a favored right. It should not be curtailed. It is only where those who seek the right fail to comply with statutory requirement that it is lost. Here there was no omission in the application for a rehearing. The right to have the grounds urged, considered by the court, was absolute. Why should that right be brought to naught by the disagreement of the court? While referring with all the attention we could command to both the article of the Constitution of 1879 and the article of the Constitution of 1898 on the subject, we did not find a word, phrase or sentence lessening the extent of the right to be heard on appeal, in case of the disagreement of the court. On the contrary, the statutory regulation is: the court shall consider the reasons adduced in the petition for a rehearing. The one losing is as much entitled to have his reasons for rehearing considered on his application for a rehearing as he is entitled to have them considered at any prior period in the proceedings.

It naturally follows, " when two judges can not concur, for any reason, the court shall select a district judge or judges to sit in the case." Art. 102 of the Constitution of 1898.

In our view the case should be reinstated for further proceeding and a district judge selected as required in case of non-concurrence; and the question, whether it is proper to presume that the trial judge had sufficient evidence before him to justify his judgment, considered and decided. It follows, that in this matter, the Court of Appeals should pass upon all questions needful to a final determination of the case. With reference to the controversy before us, we consider our task at an end.

We beg to differ from the learned brother who sets forth in his return to the rule nisi issued by this court that we may now assume jurisdiction of the merits of the controversy and determine whether or not the judgment involved was erroneous, because it was not affirmatively shown by " a statement of facts " or " note of evidence of any sort," that it was rendered on sufficient evidence. It is, we think incumbent upon the court seized with jurisdiction to complete the work and write the final judgment.

The Court of Appeals has not certified to this court any question or proposition of law for determination as required by Art. 101 of the Constitution of 1898. To resume, relator prayed to have the judgment declared a final judgment.

This we must decline to grant. In the alternative he prayed for the appointment of a third judge.

This application should be granted under Art. 102 of 1898, by the appointment of a district judge, to sit in the case.

It is therefore ordered, adjudged and decreed that the writ of *mandamus*, which issued in this case, be made peremptory, a judge selected, and the question decided in accordance with the views before expressed.

The costs of this *certiorari* and *mandamus* to be paid by the party to the suit who will be cast in the final decision of the case.