(110 So. 172)

No. 27280.

## PLANTERS' LUMBER CO. v. SUGAR CANE BY-PRODUCTS CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⊂⇒1194(3).

Judgment, remanding cause which specifically reserved to both parties right to amend all pleadings or to file new pleadings in trial court, *held* not to finally adjudicate the rights of either of litigants.

2. Estoppel ⊂⇒91(1)—Defendant, acquiescing in judgment homologating account of its receivers, and attempting to prevent entry of order of appeal, and to have order vacated and appeal abandoned, held estopped to oppose account on retrial.

Corporation, which acquiesced in judgment homologating account of its receivers, and endeavored to prevent entry of order of appeal, and to have order vacated and appeal abandoned, *held* estopped to oppose account after remand for retrial.

3. Fraud ⊂⇒1.

When timely established, all acts which are the direct result of fraud at once become void or voidable.

4. Attorney and client ⊂⇒96—Attorney, hired for indefinite term for contingent fee, had no authority to appeal judgment on behalf of his client, a corporation, after revocation of his authority (Civ. Code, arts. 2749, 3028).

Where officers' revocation of power of attorney, indefinite in duration and providing for a contingent fee, was ratified by board of directors, attorney had no authority to appeal from a judgment on behalf of corporation, in view of Civ. Code, arts. 2749, 3028.

5. Receivers ⊂⇒77(3).

Federal receiver acquired no greater rights than the corporation itself ·enjoyed at the date of his appointment with respect to judgment homologating account of state court receivers which had become final.

Appeal from Sixteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit by the Planters' Lumber Company against the Sugar Cane By-Products Company. From a judgment homologating account of receivers for the defendant company, the general receiver appeals. Affirmed.

See, also, 154 La. 16, 97 So. 267.

Borah, Himel, Bloch & Borah, of Franklin, for appellant.

Burke & Smith, of New Iberia, for appellee.

BRUNOT, J. The Sugar Cane By-Products Company is a foreign corporation. It was organized in the state of Delaware for the purpose of doing business in the state of Louisiana. Its charter was recorded in the parish of Iberia, where the only business it conducted in this state was located. In 1918 a suit upon an open account was filed against the Sugar Cane By-Products Company in the district court of Iberia parish, in which the plaintiff prayed that the defendant company be ruled into court to show cause why a receiver should not be appointed to wind up and liquidate its affairs. The rule issued, it was regularly tried, and a judgment was rendered appointing coreceivers to hold, manage, and dispose of the property of the defendant corporation in such manner as the court might direct. In due time the receivers filed an account of their gestion, no opposition was made thereto, and the following judgment was rendered thereon:

"The coreceivers having filed an account showing as an active mass $43,500 proceeds of the sale of all the properties belonging to the Sugar Cane By-Products Company, part cash, part by liquidation of mortgage note and part by bond as set forth in said account, and the additional sum of $322 being for rents collected, an aggregate of $43,822, and the passive mass showing privileged claims, obligations of coreceivers, judicial mortgages, and ordinary claims as specifically set forth in said account filed on the 14th day of November, 1919, and due publication of the notice of the filing of this account having been given in the manner required by law, and due notice having been entered in the receivership book in the clerk's office of Iberia parish, in the manner required by law, and the legal delays having expired, and considering the law and the evidence, and the same being in favor of the coreceivers, and there being no opposition,

"It is ordered, adjudged, and decreed that the account as filed be approved and homologated in all of its parts and made a judgment of this court.

"It is further ordered, adjudged, and decreed that the remainder of the funds which may be collected and realized from the bond executed to secure the purchase price after the payment of the passive mass hereinabove set forth be deposited in the registry of the court for the credit of the Sugar Cane By-Products Company, to be paid over to said corporation through its regularly constituted representatives or officers, said payment, however, to be made upon further order of this court, and upon due proof of the authority of said officers.

"It is further ordered, adjudged, and decreed that, when the coreceivers shall have collected upon the bond set forth in the account and representing the credit portion of the sale of the properties, due distribution of the said proceeds be made in accordance with the account hereinabove homologated, and that due proof be finally made of the said payments for the purpose of the final discharge of the coreceivers."

The foregoing judgment was read and signed on November 26, 1919. On November 24, 1920, or two days less than one year thereafter, Charlton R. Beattie, appearing as the attorney of the Sugar Cane By-Products Company, petitioned for and obtained a devolutive appeal from said judgment.

When the appeal was lodged in this court, the coreceivers moved to dismiss it, on the ground that the board of directors of the company had acquiesced in the judgment and had ordered that the appeal be abandoned. Mr. Beattie challenged the right of the company to abandon the appeal. This presented an issue of fact, and this court remanded the case to the trial court for the introduction of proof on that point. Some time thereafter a receiver of the company was appointed by the federal court at the domicile of the company in the state of Delaware. This receiver appeared in this court and opposed the dismissal of the appeal. Thereupon Chief Justice Provosty, of his own motion and without further hearing thereon, recalled the court's order remanding the case and denied the motion to dismiss the appeal. Then followed a judgment on the merits, which set aside the judgment appealed from and remanded the case for trial, for the reason that the evidence supporting the judgment was not included in the transcript. On rehearing, this court's judgment on the

merits was recalled and appellees were granted 15 days in which to supplement the transcript. Thereafter this court handed down a supplemental opinion and final decree (154 La. 16, 97 So. 267) "setting aside the judgment and remanding the cause to the lower court, with full reservation to all parties of the right to amend or file new pleadings, to the end that the gestion of the receivers may be fully examined and determined."

[1] This judgment, to our minds, figuratively speaking, sponged off the slate, and therefore this court's decree in the case cannot be interpreted as finally adjudicating any of the rights of either of the litigants, because the judgment specifically reserves to both the appellees and appellant the right to amend all of their pleadings or to file new pleadings in the trial court.

The second trial of the case also resulted in the rendition of a judgment homologating the account filed by the Louisiana receivers, and from this judgment the general receiver now appeals.

The record discloses that this litigation and the delays and expense incident thereto grew out of a fraud perpetrated upon the board of directors of the Sugar Cane By-Products Company. It appears that a short time before the year elapsed, within which an appeal could be taken from the first judgment homologating the unopposed account filed by the coreceivers, Mrs. W. B. Nicol, the vice president of the Sugar Cane By-Products Company, and the only officer of the corporation in Louisiana, proceeded to Philadelphia, Pa., where, with full knowledge of all the facts, and after actually approving every detail of the gestion of the coreceivers, including the account they had filed for her own profit and advantage, misled and deceived the board of directors of the corporation by falsely representing the facts to them, and by withholding from them the information with reference thereto which was within her

knowledge. This duplicity led the board of directors to adopt the following resolution:

"Resolved, whereas, in the judgment of this board, it has become necessary to employ an attorney to represent the Sugar Cane By-Products Company and protect its interests in the receivership case now pending in the court at New Iberia, La., we do hereby agree that Mrs. M. B. Nicol employ Mr. Charlton Reid Beattie of New Orleans, La., to act as attorney for the said company in the said receivership case in the said court at New Iberia and elsewhere in the state of Louisiana, if further proceedings should be deemed necessary in order to protect the interests of the Sugar Cane By-Products Company under the terms of the contract between the said Mrs. M. B. Nicol and the company and bearing this date."

The foregoing resolution was adopted November 19, 1920, and the contract between the company and Mrs. Nicol which is referred to therein provided that Mrs. Nicol should receive 50 per cent. of all sums she might collect from the receivers for the account of the company in excess of $3,000. The day after the resolution was adopted and Mrs. Nicol was given a power of attorney to act for the company in the matter of employing an attorney and appealing the case, the company received from the attorneys of the receivers the information that the account filed by the coreceivers showed that there would be paid over to the company $6,300, as the net balance left after the liquidation of all of its debts. The officers of the company immediately revoked the power of attorney given to Mrs. Nicol to appeal the case and wired Mr. Beattie, the attorney, to that effect, informing him in the wire that a letter followed confirming the wire. This was done before Mr. Beattie applied for the order of appeal. Mr. Beattie questioned the right of the officers of the company to revoke the power of attorney given to Mrs. Nicol, ignored the notice thereof which was first wired to him and later confirmed by letter, and applied for and perfected an appeal from the judgment homologating the account filed

by the coreceivers. Thereafter the Sugar Cane By-Products Company, through its proper officers, directed Mr. Beattie to abandon the appeal. In reply to this demand he wrote on December 30, 1920, as follows:

"I have no right and authority to abandon the appeal at the present time and will therefore have to leave matters as they are. * * * If the company has the authority to cancel the contract referred to in the resolution sent me and made with Mrs. Nicol, and if, with this legal right to cancel the contract, the board do cancel it, and direct the abandonment of the appeal, I will be glad to join in any action that the company may desire, to carry out their plan of abandonment of the appeal, if their action be taken in legal form and be valid."

On December 16, 1920, the company wrote the following letter:

"Charlton Reid Beattie, Esq., Hennen Building, New Orleans, La.—Dear Sir: As per your request, we are handing you herewith copy of a minute of the board approving the action of the officers in canceling your power of attorney. The board wishes it distinctly understood that they consider their officers had the authority to take such action during the recess of the board.

"We suppose that you will immediately take the necessary steps to vacate the appeal. We wish also to call your attention to the fact that this power of attorney was issued to Mrs. Nicol to be used in connection with a certain agreement when said agreement was approved by the board. Such approval has never been obtained, and Mrs. Nicol, as an officer of this company and a member of the board, and having been present on October 29th and November 15th, was fully aware that she had no authority to act under the agreement or to use the power of attorney until such approval was obtained."

Mr. Beattie answered this letter on December 21st. He gave reasons for declining to abandon the appeal, and said:

"If I consulted my own interest and taste, I would get out of the matter and drop it where it is, but my obligations as an attorney prevent me from taking any action that would prejudice any one entitled to the benefit of my professional services."

The Sugar Cane By-Products Company then employed Weeks & Weeks, attorneys, and instructed their attorneys to secure, by

162 La.—5

proper proceedings, the abandonment of the appeal. These attorneys filed proceedings for the company, in which they declared that their clients acquiesced in the judgment, and they prayed for the dismissal of the appeal. Pending action in the matter by these attorneys, a receiver for the company was appointed by a decree of the United States District Court for the District of Delaware, whereupon Weeks & Weeks, in view of this divestiture of the authority of the board of directors to further act for and bind the company, voluntarily retired from the case.

Inasmuch as this court did not adjudicate contradictorily with the parties to the appeal any of the rights of either, but remanded the case to be retried upon all issues then raised, or that might be raised by amended or by new pleadings, the coreceivers filed pleas of estoppel, res adjudicata, acquiescence in the judgment, and abandonment of the appeal. The learned trial judge entertained these pleas, maintained the pleas of acquiescence, abandonment, and res adjudicata as to the first account filed and homologated without opposition thereto, and rejected the opposition to all items of the supplemental or recast account, which do not appear in the original account. In so holding, the court said:

"Receivers have recast the tableau so as to present the items of the original account as matters already adjudged, and the additional items as a completing of their accounting. It follows from the foregoing that this court considers the pleas as to the first account well taken, and the pleas of acquiescence, abandonment, and res adjudicata are maintained.

"The general receiver has filed a general opposition to all items of the account now before the court, affecting the items of the first account and the supplemental account. Whether the court considers the entire account as subject to present decision, or only the part supplementing the account first homologated, the court must reject the opposition as not sustained on any point."

[2] We omit quoting the court's lengthy reasons for the conclusion it announced. We

think it is sufficient to say that we concur in its findings that the Sugar Cane By-Products Company acquiesced in the judgment homologating the first account filed, to the fullest extent it was possible for it to do so under the circumstances, and that it did everything reasonably possible to prevent the entry of an order of appeal from that judgment, and when the appeal was perfected, over its protest, it made every reasonable, if not every possible, effort to have the order vacated and the appeal abandoned. Under these circumstances we also think that the trial judge should have upheld the plea of estoppel.

[3-5] This case is unusual and out of harmony with our accepted notions, in that it is an attempt by an agent, acting under the power of attorney which was fraudulently obtained, to tie the hands of the principal, not only as to the control and management of its business affairs, but to divest it of all power with reference thereto. Fraud is the parent of bitter fruit in every jurisdiction. When it is timely established, all acts, the direct result of it, at once become void or voidable.

"Except in the case of irrevocable powers of attorney, as prescribed in the preceding article, the principal may revoke his power of attorney whenever he thinks proper, and, if necessary, compel the agent to deliver up the written instrument containing it, if it be an act under private signature." C. C. art. 3028.

In the case of Louque v. Dejan, wherein the judgment of the district court was affirmed by both the Court of Appeal and this court (129 La. 519, 56 So. 27, 38 L. R. A. [N. S.] 389), it was held that an attorney's mandate is governed by C. C. art. 3028, and not by C. C. art. 2749, and he can be discharged at any time. The exact language of the syllabus follows:

"An attorney at law, employed for an indefinite period and for a contingent fee, is a mandatary, whose power is revokable, as it is not coupled with an interest in the cause of action; and the principal may terminate the relationship of attorney and client at will."

The officers of the Sugar Cane By-Products Company notified Mr. Beattie of their revocation of the power of attorney under which he subsequently acted, before he had filed any proceedings whatever in the matter of the appeal of the case. Thereafter the action of the officers of the company in revoking the power of attorney was ratified by the board of directors. Therefore, when Mr. Beattie presented the application as the attorney of the company, in the district court, for an order of appeal from the judgment homologating the account filed by the coreceivers, he was mistaken as to his authority to act, because he was no longer the agent or attorney of that company. In fact, at that time and thereafter, his only authorized connection with the case was as the attorney of Mrs. Nicol, who, it appears from this record, sought, by means of a fraud perpetrated upon the board of directors of the company, to mulct the company out of 50 per cent. of $3,200. The Sugar Cane By-Products Company can only be bound to the extent that it saw fit to bind itself. At the time the federal receiver was appointed, the judgment had become final, for considerably more than one year had elapsed since the rendition of the judgment homologating the first account. The federal receiver acquired no greater rights than the corporation itsef enjoyed at the date of his appointment. From the several acts of the corporation which we have hereinabove enumerated, it is also clear that, at that time, the corporation had estopped itself from attacking the validity of that judgment and of the adjudged claims of the creditors of the corporation carried on that account.

The supplemental account shows the collection and proposed distribution of certain sums not included in the first account. There is no serious or substantial objection to that portion of the account. The real op-

position is leveled at the items carried on the original, or first, account, which was homologated without opposition, and which judgment we have found is final. For these reasons we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.

ROGERS, J., concurs in the decree.