ROGERS, Justice.
 

 Plaintiff sued the universal and particular legatees of J. M. Foster, who died on August 4, 1928, for $4,930.23, alleged to be due him for services rendered in connection 'with an income tax assessment levied against the decedent.
 

 The legatees were placed in possession of their respective legacies by judgment of the First district court for the parish of Caddo on April 13, 1929. The present suit was filed on July 18, 1932, and in bar of, plaintiff’s action the particular legatees filed a plea of three years’ prescription under article 1068 of the Civil Code. The plea was sustained, and plaintiff’s suit as to the particular legatees was dismissed by the court below. Plaintiff has appealed from the judgment.
 

 Plaintiff alleged, in substance, that he was employed by J. M. Foster, the decedent, as a public accountant and income tax consultant, to obtain a reduction of a proposed income tax assessment of $52,275.77 against him, under an agreement by Foster to pay plaintiff a reasonable sum for his 'Services; and, in connection with this allegation, plaintiff averred that 10 per cent, of the total amount by which he might be able to reduce the tax would be a reasonable fee, which compensation was clue and payable when the work was completed. Plaintiff alleged his employment began in August, 1924, and his work was completed on July 19, 1929; that under his employment, which extended approximately over a period of five years, he succeeded in reducing the income tax liability of J. M. Foster from $52,275.77 to $2,973.46, or a net saving to the tax debtor of $49,302.-31; and that 10 per cent, of this amount is due him by Foster’s legatees as compensation for his services.
 

 There is no allegation that J. M. Foster agreed to pay plaintiff 10 per cent, of the amount the tax was reduced, nor is it alleged that plaintiff’s compensation would be due only on the completion of his work.
 

 Articles 1062 to 1066, both inclusive, of the Civil Code, provide for the sale of the effects
 
 *589
 
 of a succession, the filing of the account and tableau of distribution, and for oppositions thereto. Article 1067 of the Civil Code authorizes creditors who make themselves known after the distribution of the funds to proceed against the legatees for the return of their legacies or a due proportion thereof. Article 1068 of the Civil Code, after providing in its first paragraph for an action by the unpaid creditors against the creditors who have been paid, where the funds returned by the legatees are insufficient or where there are no legatees, further provides, in its second paragraph, as follows, viz.:
 

 “But this action of the creditors who have not been paid, against the creditors and legatees who have been paid, is barred by the lapse of three years from the date of the order or definitive judgment by virtue of which such payment has been made. In all these cases, these creditors have no right to sue the administrator, who has made the payment by order of the court, and according to the forms herein prescribed.’’
 

 The prescription of three years provided in the second paragraph of article 1068 of the Civil Code is invoked by the appellees against plaintiff’s demand, because three years and three months elapsed between the time they were placed in possession of their legacies by a definitive judgment on April 13, 1929, and the filing of plaintiff’s suit on July 18, 1932.
 

 On the other hand, plaintiff contends that the codal provision in question is not applicable to the facts of the case, because prescription did not begin to run against his claim until his work was completed on July 19, 1929, and his suit was filed within three years from that date.
 

 The basis of plaintiff’s claim, under the allegations of his petition, is a contract under which he was constituted by J. M. Foster as Foster’s agent to secure, if possible, a reduction of Foster’s income tax. The contract created nothing more than a mandate under which plaintiff, as the mandatary, was authorized to represent his principal in the matter of his income tax- before the Bureau of Internal Revenue, Treasury Department of the United States, and the United States Board of Tax Appeals. The mandate was not coupled with an interest, since the mandatary was not vested with any ownership in the res.
 

 Plaintiff’s mandate, like that of an attorney’s mandate, was governed by article 3028 of the Civil Code, not by-article 2749 of the Civil Code, and he could have been discharged at any time by J. M. Foster, his principal. Planters’ Lumber Co. v. Sugar Cane By-Products Co., 162 La. 123, 110 So. 172; Fowler v. Phillips, 159 La. 668, 106 So. 26; Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389. And, plaintiff being merely Foster’s agent, his agency terminated upon the death of his principal. Civ. Code, art. 3027; Holmes v. Murdock, 125 La. 916, 51 So. 1035.
 

 If anything were due plaintiff when his mandate expired by reason of the death of his principal, it was for a reasonable amount on a quantum meruit for his work up to that time. It was then that his cause of action for compensation accrued. Plaintiff should have presented his claim to the sue-
 
 *591
 
 cession representative for payment. The fact that plaintiff continued to render services and carried the matter to a successful conclusion after the death of his principal does not authorize any recovery on his part against the appellees. Plaintiff was not employed after Foster’s death by the representative of his succession nor by the appellees to render any services in their behalf or in behalf of the estate. The simple fact that his services may have inured to the benefit of appellees, in the absence of a contract relation with them, either directly or through some authorized representative, affords no legal foundation for any recovery against them. Roselius v. Delachaise, 5 La. Ann. 481, 52 Am. Dec. 597; Wailes v. Succession of Brown, 27 La. Ann. 411; Forman v. Sewerage & Water Board, 119 La. 49, 43 So. 908, 12 Ann. Cas. 773; In re McPherson’s Estate, 129 La. 182, 55 So. 756; New York Life Ins. Co. v. Dorsett, 152 La. 67, 92 So. 737.
 

 Plaintiff refers to the Succession of' Labauve, 34 La. Ann. 1187, as sustaining his contention that the death of the client does not dissolve a contract with his attorney, and that the fees of the attorney are not exigible until he has accomplished the purposes of his employment. It is true,' the court so held in its original opinion. But a rehearing was granted, and, on rehearing, the court expressly recalled its original • opinion on the question of the exigibility of the attorney’s fees claimed before the termination of the litigation. Hence the ruling contained in the original opinion in the Labauve case is of no authoritative value in determining the issue involved in the present case.
 

 As plaintiff has failed to show any employment by the succession of J. M. Foster or by the appellees, but predicates his right of recovery solely on the mandate created under his employment by Foster, which mandate expired by effect of law on the death of his principal, any cause of action that plaintiff! may have had against appellees on a quantum meruit accrued on April 13, 1929, when, they were placed in possession of their respective legacies by a definitive judgment, and became barred by the lapse of three years thereafter under the plain provisions of article 1068 of the Civil Code.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 LAND, J., recused.