**183 So. 245**

**ROGERS v. CITY OF HAMMOND.**

**No. 34855.**

June 27, 1938.

Rehearing Denied Aug. 5, 1938.

Rownd & Tycer, of Hammond, and Max Schaumburger and M. C. Scharff, both of New Orleans, for relator.

Leon Ford, of Hammond, for respondent.

ODOM, Justice.

While employed by the City of Hammond, plaintiff was accidentally injured, as a result of which injury he lost an arm. He sued for compensation under Act No. 20 of 1914, as amended. Judgment rejecting his demands was rendered by the district court, and he appealed to the Court of Appeal, First Circuit, where the judgment of the district court was affirmed.

On April 5, 1938, he filed in this court an application for a writ of review, which was granted on May 2. The same counsel who represented him in the district court and the Court of Appeal represented him in his application to this court for the writ.

On May 16, counsel for the City of Hammond filed in this court a motion to recall and dismiss the writ issued by us, on the ground:

"That the plaintiff, Thomas J. Rogers, and the defendant, City of Hammond, have entered into a voluntary settlement of the claims of the plaintiff urged in this suit, and that plaintiff, Thomas J. Rogers, has acquiesced in the judgment of the Circuit Court of Appeal, First Circuit of Louisiana, and in the judgment of the 21st Judicial District Court of Louisiana, in and for the Parish of Tangipahoa, which said judgments dismissed plaintiff's demands against the defendant."

It is further alleged in the motion to dismiss that the settlement made by the plaintiff with the City of Hammond was reduced to writing, signed by the parties and has been executed; that the settlement provides for a monthly payment of $50 to plaintiff by defendant and for the payment of certain expenses previously incurred; that plaintiff is now employed by the City of Hammond according to the terms of the settlement and that the City of Hammond has, according to agreement, paid certain expenses incurred by plaintiff and the sum of $200 to purchase for him an artificial arm, all as per the agreement.

Attached to and made a part of the motion to dismiss is the following affidavit made by the plaintiff, Thomas J. Rogers:

"State of Louisiana:

"Parish of Tangipahoa:

"Before me, the undersigned authority, personally came and appeared Thomas J. Rogers who being by me first duly sworn, deposed and said:

"That he was the plaintiff in the suit entitled Thomas J. Rogers vs the City of Hammond, being docket number 8155 of the 21st Judicial District Court of Louisiana, in and for the Parish of Tangipahoa, and in the same suit when carried through the Court of Appeal First Circuit of Louisiana, and was represented therein by N. B. Tycer, attorney regularly employed by affiant.

"That after rendition of judgment in favor of the defendant City of Hammond by the Circuit Court of Appeals affirming the judgment of the 21st Judicial District Court dismissing the demands of the affiant, and after affiant's application for a rehearing had been refused, affiant Thomas J. Rogers acquiesced in said judgment and instructed his attorney to discontinue all legal proceedings in said matter and specifically the application for writs to be sought in the Supreme Court of Louisiana.

"That affiant Thomas J. Rogers refused to furnish the necessary costs for filing said application for writs and specifically instructed his attorney N. B. Tycer not to file said application, notifying said attorney that he had acquiesced in said judgment of the Circuit Court of Appeals dismissing his claims.

"That affiant did not and has not employed other counsel to represent him in said matter and that proceedings pending in the Supreme Court of Louisiana in his name are unauthorized by him.

"That after instructing his counsel to take no further proceedings in this matter, affiant Thomas J. Rogers entered into an agreement on April 1st, 1938 later partially embodied in writing on April 4, 1938 wherein the City of Hammond employed affiant at a minimum monthly salary of $50.00 and paid the costs of court incurred

by him in these proceedings in the amount of $38.60, the sums due for doctor bills by affiant in the amount of $99.50 and the further sum of $200.00 in cash to enable affiant to purchase an artificial arm to replace the arm amputated.

"That affiant has been an employee of the City of Hammond as stipulated in said agreement of settlement since date of April 1st, 1938 and that the City of Hammond has paid the aforesaid court costs, doctor bills and the sum provided for the artificial arm to affiant and has in every respect carried out the terms of the agreement as has affiant.

"That said agreement and settlement of all claims due by the City of Hammond to affiant Thomas J. Rogers for the loss of his arm was free and voluntary on the part of both affiant Thomas J. Rogers and the City of Hammond, was made in good faith directly between affiant Thomas J. Rogers and the City of Hammond and after affiant had dropped all legal proceedings and has acquiesced in the judgment of the Circuit Court of Appeals affirming the judgment of the lower court dismissing affiants claims.

"That he makes this affidavit in evidence of his acquiescence in said judgment and satisfaction of his claims against the City of Hammond.

                              "T. J. Rogers.

"Sworn to and subscribed before me, this May 12, 1938.

                    "H. Wilbur Carroll
                         Notary Public."

"(Seal)

On May 19, three days after this motion and affidavit were filed in this court, counsel, who represented plaintiff from the filing of the suit down to and including the application to this court for the writ, filed an "answer" to the motion to dismiss, in which it is admitted that plaintiff, after the judgment of the Court of Appeal became final, did enter into a written agreement acquiescing in said judgment on consideration that the City of Hammond would pay all costs incurred in the suit and contribute the sum of $200 for the purchase of an artificial arm. But it is alleged by counsel that this settlement and acquiescence were not voluntary on the part of the plaintiff, for which reason the motion to dismiss should be overruled.

The so-called answer opposing the dismissal of the proceedings in this court shows that the plaintiff refused to authorize counsel to oppose the motion to dismiss. It is alleged by counsel that plaintiff refused to authorize them to oppose the motion to dismiss because he was afraid that, if he did so, his present relationship with the City of Hammond would be jeopardized.

The situation therefore is that plaintiff himself is asking that the application be dismissed, while counsel who represented him originally are opposing the motion to dismiss.

We know of no reason why plaintiff should not be permitted to dismiss this proceeding. There is nothing to show that counsel's employment was coupled with an interest in the cause of action. Counsel

do not allege that they have any pecuniary interest in the outcome of the litigation.

In the case of Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.,N.S., 389, it was held that:

"An attorney at law, employed for an indefinite period and for a contingent fee, is a mandatary, whose power is revokable, as it is not coupled with an interest in the cause of action; and the principal may terminate the relationship of attorney and client at will."

The above was quoted with approval in Planters' Lumber Co. v. Sugar Cane By-Products Co., 162 La. 123, 110 So. 172.

For the reasons assigned, the motion to dismiss the writ of review herein issued is sustained, and the writ is dismissed.